## B. O. STEVENS *v.* STATE.

January Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed February 24, 1927.

*Criminal Law—New Trial—G. L. 2295—Judgment on Plea of Guilty Not Judgment Nil Dicit—Application of G. L. 2633.*

1. Where respondent pleaded guilty to charge of driving an automobile while under the influence of intoxicating liquor, he was not entitled to new trial on grounds of fraud, accident, or mistake, in that such plea was entered by him in belief that he was pleading guilty to breach of the peace, under G. L. 2295, providing that when judgment is rendered upon default and defendant is unjustly deprived of hearing by fraud, accident, or mistake, party so deprived may bring petition as therein provided to have such judgment set aside, since judgment on plea of guilty is not judgment by default.

2. Judgment rendered on plea of guilty is not judgment *nil dicit*, latter being substantially same as judgment by default.

3. G. L. 2633, making provisions for new trials in civil cases govern applications for new trials by respondents in criminal cases, was intended by Legislature to make same procedure effective, when applicable, in respect to new trials, in both civil and criminal cases but is not applicable to G. L. 2295, relating to judgment in civil cases "upon default," as these words have no place in criminal law.

PETITION for new trial brought to city court of city of St. Albans, under G. L. 2295, and 2633, by respondent who had pleaded guilty to charge of driving while under influence of intoxicating liquor, on grounds of fraud, accident, or mistake, in that respondent believed he was pleading guilty to charge of breach of the peace. Heard by city court of St. Albans, *M. H. Alexander,* City Judge, on demurrer to petition. Demurrer sustained and petition dismissed. The respondent excepted. The opinion states the case. *Affirmed.*

*Fred L. Webster* for the petitioner.

*H. G. Leavens,* State's attorney, for the State.

FISH, J.   This is a petition brought to the city court of the city of St. Albans asking to have the judgment of said court set aside, and a new trial granted, under G. L. 2295 and G. L. 2633. A demurrer to the petition was sustained and exceptions taken to this Court.

The following are the material facts set forth in the petition.

That the petitioner was arrested on the charge of driving an automobile while under the influence of intoxicating liquor and detained for several hours when a formal complaint was made against him by the State's attorney of Franklin County charging him with the offense named; that at the time of the making of said complaint the petitioner supposed, understood, and believed that it charged him with a breach of the peace; that the complaint was brought on for hearing before said court and before trial the petitioner entered a plea of guilty thereto, "but shows through fraud, accident or mistake he then understood that he was entering a plea of guilty to a complaint for breach of the peace, but afterwards learned that said complaint was a complaint as aforesaid for driving an automobile while under the influence of intoxicating liquor." That he was not guilty of the charge, that he did not drive an automobile while under the influence of intoxicating liquor; that through such mistake he was misled and unjustly deprived of a hearing; that had he understood the nature of the complaint he would have pleaded not guilty and asked for a trial by jury; that on the occasion when it was claimed he was intoxicated he saw and talked with many persons who would testify that he was not intoxicated at the time.

The demurrer challenges the petition on the ground that G. L. 2295 does not apply to a criminal case where a plea of guilty has been entered by the respondent. The section in question provides that when a judgment is rendered by a county, municipal, or city court, upon default, and the defendant or a trustee therein is unjustly deprived of a hearing by fraud, accident, or mistake, the party so deprived of a hearing may bring his petition or motion to such court, within two years from the rendition thereof, to have such judgment set aside, and not after.

[1, 2]   That the petition was brought under G. L. 2295 is apparent from its language, and that the same is insufficient when considered in relation to the foregoing section alone is certain, because it appears that there was no judgment by default. But the petitioner says that by virture of the provisions of G. L. 2633 his petition should have been heard.   The latter section makes the provisions for new trials in civil cases govern applications for new trials by respondents in criminal cases.   It is argued by the respondent that the word "default," as used in G. L. 2295, is not confined to judgments by default and that this judgment is a judgment *nil dicit* instead; that unless G. L. 2633 applies to a case like this, it is meaningless, because there is no such thing in criminal procedure as a default judgment.   These claims are without force.   The record shows that this was not a judgment *nil dicit* (he says nothing), but rather one rendered on a plea of guilty.   But had the judgment been as claimed by the respondent in this regard it would have availed him nothing for this Court held in *Barnes* v. *Albert,* 87 Vt. 251, 255, 88 Atl. 815, that a judgment by *nil dicit* is substantially the same as a judgment by default.

[3]   G. L. 2633 first appears in R. L. 1723, wherein it is provided that the provisions of chapter 78 (R. L.) as to new trials shall govern application for new trials by respondents in criminal cases.   Chapter 78, R. L., corresponds with chapter 115, G. L.   The section under which the petition was brought— G. L. 2295—appears in chapter 115, G. L., but by its terms it must be construed as applying to civil and not to criminal cases for the words "upon default" have no place in the criminal law. What the Legislature evidently intended by G. L. 2633 was to make the same procedure effective, when applicable, in respect to new trials, in both civil and criminal cases.   By the provisions of the section in question several of the sections of chapter 115 are made to apply to criminal cases, and so the section cannot be said to be meaningless, but that G. L. 2295 is not one of these is certain for reasons already appearing.   The demurrer was therefore properly sustained.

*Judgment affirmed.*